## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROGER ROYBAL,

        Plaintiff,

v.                                                         CV 07-0891 WPL

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.


## ORDER

This matter is before me on an Application for Attorney Fees From Past-Due Benefits Pursuant to 42 U.S.C. § 406(b).  For the reasons explained below, I will grant the motion in part.

### PROCEDURAL BACKGROUND

Roger Roybal filed a claim for disability benefits.  After his claim was denied at all administrative levels, he brought an action for judicial review, represented by Attorney Patricia Glazek.  I granted Roybal's motion to reverse and remand, and sent the matter back to the agency for a rehearing.  (Doc. 18.)  Roybal then filed an unopposed motion for attorney fees under the Equal Access to Justice Act (EAJA).  (Doc. 21, 23.)  I granted this motion and awarded $5946.10 in attorney fees and $350 in expenses.  (Doc. 24.)  On remand, an administrative law judge issued a favorable decision, finding that Roybal has been disabled since March 2004.  (Doc. 25 Ex. A.)  The decision was issued on November 6, 2008.  (*Id.*)

By a Notice of Award dated November 29, 2008, the Social Security Administration informed Roybal that he has been entitled to monthly child's benefits since September 2004.  The

notice stated that his first payment would be $20,664.75, which represented the money he was due through October 2008.  (*Id.* Ex. B.)  Thereafter, he would receive monthly payments of $673.  (*Id.*)

By another Notice of Award with the same date, the Administration informed Roybal that he has been entitled to monthly disability benefits since September 2004.  (*Id.*)  This notice stated that his first payment would be $1250, which represented the money he was due through November 2008.  Thereafter, he would receive monthly payments of $1250.  (*Id.*)  This notice appears to be incorrect in showing an initial payment of only $1250 that was to cover September 2004 through November 2008, but neither party attempts to explain this apparent discrepancy.

On August 8, 2009, the Administration advised Glazek that it had approved a $7000 attorney fee for her work before the Administration on this case.  (*Id.* Ex. C.)  On August 19, 2009, Glazek sent the Administration a letter, requesting a notice that states the total amount of past-due benefits authorized for Roybal and his child and the amount the Administration was still withholding for attorney fees.  (*Id.* Ex. D.)  Glazek states in her application that she received a phone call from someone at one of the Administration's service centers, indicating that a total of $21,221.35 had been withheld for attorney fees, representing 25% of the total past-due benefits authorized for Roybal and his child.

On August 24, 2009, Glazek filed her application for attorney fees pursuant to 42 U.S.C. § 406(b).  She seeks the $14,221.35 still being held by the Administration after deducting the $7000 already awarded her for work before the Administration.  The Commissioner of Social Security has filed a response (Doc. 26) in which he takes no position regarding the application because he is not the true party in interest.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  The Commissioner does not dispute any of the factual contentions in Glazek's application.

2

## LEGAL STANDARDS

Attorney fees may be deducted from a successful social security claimant's award of past-due benefits.  Separate subsections of 42 U.S.C. § 406 authorize contingency fees for representation before the Administration and in court.  *See* 42 U.S.C. § 406(a), (b).  The statute limits the contingency fee for representation before the Administration to the lesser of 25% of the past-due benefits or $4000.  42 U.S.C. § 406(a)(2)(A).[1]  It limits the contingency fee for representation in court to 25% of the past-due benefits.  42 U.S.C. § 406(b)(1)(A).  Under the Tenth Circuit's interpretation of the statute, attorney fees for representation before the Administration and in court are not limited to an aggregate of 25% of past-due benefits.  *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008).  However, if fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant.  *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).  The court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits."  *See id.* at 496.

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding 25% of the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  The statute also requires the court to act as "an independent check" to ensure that fees are reasonable even if they fall below 25% of past-due benefits; there is no presumption that

---

[1] The Commissioner has the authority to increase the maximum amount of attorney fees under this subsection.  *See* 42 U.S.C. § 406(a)(2)(A).  Effective June 22, 2009, the Commissioner increased the amount to $6000.  74 Fed. Reg. 6080-02 (Feb. 4, 2009).  Before that date, the maximum amount was $5300.  *Id.*  Neither Glazek nor the Commissioner has explained the basis for the Administration's award of $7000 in attorney fees to Glazek.

3

25% is reasonable. *Id.* at 807 & n.17.  Counsel has the burden of demonstrating the reasonableness of the fee. *Id.* at 807 & n.17.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808.  If the attorney is responsible for delay, the fee may be reduced so the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id.*  The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case.  A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests.  The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### REASONABLENESS DETERMINATION

Under § 406(b), the maximum fee that Glazek may receive for court representation is 25% of the total past-due benefits awarded to her client.  Oddly, the total amount of past-due benefits awarded to Roybal is not stated in Glazek's application, the Commissioner's response, or any other document submitted by the parties.  Based on the telephone call Glazek received from the Administration, which informed her of the percentage of past-due benefits withheld for attorney fees, it appears that the total award, comprising Roybal's own past-due benefits and those of his child, was $84,885.40.  The $14,221.35 fee sought by Glazek represents about 17% of this amount and thus does not exceed the statutory cap.

Under her fee agreement with Roybal, Glazek is entitled to 25% of all past-due benefits awarded to Roybal and his family.  (Doc. 25 Ex. E.)  The Administration has already approved a

4

$7000 fee for Glazek's work at the agency level.  When that amount is added to the $14,221.35 sought in this Court, the result is 25% of the total past-due benefits.

Glazek previously provided a breakdown of the time spent on this case in connection with her motion for EAJA fees.  She spent 35.2 hours representing Roybal before this Court.  (Doc. 21 Ex. B.)  The fee requested thus amounts to about $404 per hour, which falls within the range of hourly rates previously approved by this Court.  *See Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1175-76 (D.N.M. 2005).

I also recognize that Glazek undertook a significant risk in representing Roybal on a contingency basis.  *See id.* at 1173 (citing a report that stated that only 35% of claimants who seek judicial review eventually obtain benefits).

Two factors suggest that Glazek should not be granted the entire fee she seeks.  First, she sought and received a forty-two day extension of time to file the motion to reverse or remand.  (*See* Doc. 9-13.)  She should not profit from this delay.

Second, the past-due benefits award of $84,885.40 is somewhat large in relation to the amount of time spent on the case.  "[A] deduction should be made by the court if the award of benefits is so high as to cause attorney's fees to constitute a 'windfall.'"  *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989); *see also Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez* with approval); *Faircloth*, 398 F. Supp. 2d at 1173, 1175-76 (observing that when more than $56,000 in past-due benefits is awarded, this District usually has not approved an aggregate fee amounting to 25% of the benefits).

For these reasons, a modest reduction of $500 from the fee requested is appropriate.

5

### TIMELINESS OF MOTION

The Commissioner does not expressly argue that Glazek's application is untimely, but he asserts that the November 29, 2008 notices of award "notified Plaintiff of the past-due benefit amounts" and he notes that Glazek's application was filed on August 24, 2009.  (Doc. 26 at 7.) From my own review I do not see the past-due benefit amount on the face of the notice regarding Roybal's disability benefits.  Moreover, the notices of award do not show that they were sent to Glazek.  *See Bossard v. Astrue*, 612 F. Supp. 2d 1198, 1199-1200 (N.D. Okla. 2009) (holding that application for fees filed ten months after issuance of the notice of award was reasonable because counsel did not receive notice from the Administration).

Under her fee agreement with Roybal, Glazek is entitled to 25% of all past-due benefits awarded to Roybal and his family.  Thus, Glazek could not put a dollar amount on her request for attorney fees in this Court until the Administration told her the amount of her § 406(a) fee and the total amount of past-due benefits.  *But cf. Early v. Astrue*, 295 F. App'x 916, 919 (10th Cir. 2008) (rejecting the argument that a district court must wait until the Administration has paid out the § 406(a) fees before entering an order on § 406(b) fees).  The Administration informed her on August 8, 2009 that a § 406(a) fee of $7000 had been approved.  It is also undisputed that the Administration informed her that it had withheld $21,221.35 from Roybal's past-due benefits, representing 25% of the total amount of past-due benefits, shortly after August 19, 2009.  Glazek filed her application for attorney fees in this Court five days after August 19, 2009.

Although it thus appears that Glazek filed her application very soon after she received the information required to calculate her fee, she does not indicate that she made any effort to obtain this information between November 2008 and July 2009.  The delay was prejudicial to Roybal. Glazek acknowledges that she must refund to him the EAJA fees previously awarded when she

receives her § 406(b) fee.  The delay in filing the application for the § 406(b) fee has accordingly delayed Roybal's receipt of $5946.10.  I will not deny Glazek's application because of the delay. *See Bernal v. Astrue*, 611 F. Supp. 2d 1217, 1221 (N.D. Okla. 2009) (noting that untimely fee application delayed return of EAJA fee, but granting application despite its untimeliness because the court had not previously expressed its view as to what is a reasonable time).  However, the unexplained delay provides further support for reducing the award.

### CONCLUSION

The Application for Attorney Fees From Past-Due Benefits Pursuant to 42 U.S.C. § 406(b) is granted in part, and Glazek is awarded $13,721.35 as a fee for her representation of Roybal before this Court.

IT IS SO ORDERED.

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE